# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUKNER BLANC,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>B.M. TRATE,<br><br>　　　　Respondent. | Case No. 1:22-cv-01192-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 17)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California. (ECF No. 1 at 1.)[1] Petitioner was convicted by a jury in the United States District Court for the Southern District of Florida of: conspiracy to steal government funds, in violation of 18 U.S.C. § 371; receiving, concealing, and retaining monies stolen from the United States, in violation of 18 U.S.C. § 641; aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1); wire fraud, in violation of 18 U.S.C. § 1343; and aggravated identity theft related to conspiracy

---

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

1

1  to commit wire fraud, in violation of 18 U.S.C. § 1028A(a)(1). Petitioner was sentenced to an
2  imprisonment term of sixteen years. (ECF No. 1 at 2, 6.) On April 27, 2017, the Eleventh Circuit
3  affirmed Petitioner's conviction and sentence. On November 13, 2017, the Supreme Court
4  denied a petition for writ of certiorari. On June 19, 2020, the sentencing court denied Petitioner's
5  motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On August 31,
6  2022, the Eleventh Circuit denied Petitioner's application for leave to file a second or successive
7  § 2255 motion. (Id. at 7, 12–15.)

8  On September 21, 2022, Petitioner filed the instant petition for writ of habeas corpus
9  pursuant to 28 U.S.C. § 2241 in this Court, asserting that he is actually innocent based on the
10 government's failure to prove intent and in light of Ruan v. United States, 142 S. Ct. 2370
11 (2022). (ECF No. 1.) On February 22, 2023, the Court granted Petitioner's request to stay the
12 proceedings pending adjudication of Jones v. Hendrix, No. 21-857, by the Supreme Court. (ECF
13 No. 12.) On June 22, 2023, the stay was lifted. (ECF No. 15.)

14 On July 5, 2023, Petitioner filed a supplement to the petition. Therein, Petitioner moves
15 to amend his § 2241 petition to assert an actual innocence claim based on Dubin v. United States,
16 599 U.S. 110 (2023). (ECF No. 16.) On August 17, 2023, Respondent filed a motion to dismiss,
17 arguing that Jones v. Hendrix, 599 U.S. 465 (2023), compels dismissal for lack of jurisdiction.
18 (ECF No. 17.) To date, no opposition or statement of non-opposition has been filed, and the time
19 for doing so has passed.

20                                    **II.**
21                               **DISCUSSION**

22 A federal prisoner who wishes to challenge the validity or constitutionality of his federal
23 conviction or sentence must do so by moving the court that imposed the sentence to vacate, set
24 aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042,
25 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive
26 means by which a federal prisoner may test the legality of his detention, and that restrictions on
27 the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C.
28 § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047 (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez v. Campbell, 204 F.3d 861, 864–65 (9th Cir. 2000) (per curiam). The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under § 2255 is procedurally barred. Id. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

"An inquiry into whether a § 2241 petition is proper under these circumstances is critical to the determination of district court jurisdiction" because § 2241 petitions must be heard in the custodial court while § 2255 motions must be heard in the sentencing court. Hernandez, 204 F.3d at 865. If the instant petition is properly brought under 28 U.S.C. § 2241, it may be heard in this Court. Conversely, if the instant petition is in fact a disguised § 2255 motion, it must be heard in the United States District Court for the Southern District of Florida as the sentencing court.

The Supreme Court recently addressed "the interplay between" § 2241 and § 2255 in Jones v. Hendrix, 599 U.S. 465 (2023). The Supreme Court stated that "[i]n § 2255(h), Congress enumerated two—and only two—conditions in which a second or successive § 2255 motion may proceed," and "[b]ecause § 2255 is the ordinary vehicle for a collateral attack on a federal sentence, the straightforward negative inference from § 2255(h) is that a second or successive collateral attack on a federal sentence is not authorized unless one of those two conditions is satisfied." Id. at 477–78. The Supreme Court stated that "[t]he saving clause does not undermine this strong negative inference," and "AEDPA's new restrictions on § 2255, therefore, are best understood as just that—restrictions on § 2255—not as expansions of § 2241's applicability." Id. at 478. Thus, "[a]fter AEDPA, as before it, the saving clause preserves recourse to § 2241 in cases where *unusual circumstances* make it impossible or impracticable to seek relief in the sentencing court[.]" Id. (emphasis added). Accordingly, "§ 2255(e)'s saving clause does not

permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." Jones, 599 U.S. at 471. "The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." Id. at 480.[2]

Here, the petition asserts that Petitioner is actually innocent based on the government's failure to prove intent and in light of Ruan v. United States, 142 S. Ct. 2370. (ECF No. 1.) In the supplement, Petitioner asserts an actual innocence claim based on Dubin v. United States, 599 U.S. 110. (ECF No. 16.) Ruan concerned "[a] provision of the Controlled Substances Act, codified at 21 U.S.C. § 841, [that] makes it a federal crime, '*[e]xcept as authorized*[,] ... for any person knowingly or intentionally . . . to manufacture, distribute, or dispense . . . a controlled substance,' such as opioids." 142 S. Ct. at 2374–75 (first and second alteration added). The Supreme Court held

> that the statute's "knowingly or intentionally" *mens rea* applies to authorization. After a defendant produces evidence that he or she was authorized to dispense controlled substances, the Government must prove beyond a reasonable doubt that the defendant knew that he or she was acting in an unauthorized manner, or intended to do so.

Ruan, 142 S. Ct. at 2375. In Dubin, the Supreme Court held that 18 U.S.C. "§ 1028A(a)(1) [aggravated identity theft] is violated when the defendant's misuse of another person's means of identification is at the crux of what makes the underlying offense criminal, rather than merely an ancillary feature of a billing method." 559 U.S. at 114. Dubin "turn[ed] on two of § 1028A(a)(1)'s elements"—"use" and "in relation to." Id. at 116–18.

Both Ruan and Dubin concern statutory interpretation. In both the petition and supplement, Petitioner is asserting actual innocence claims based on intervening changes in statutory interpretation. Accordingly, the Court finds that in light of Jones, Petitioner cannot bring his statutory claims in a § 2241 petition pursuant to the escape hatch.

---

[2] "[W]here intervening Supreme Court authority is clearly irreconcilable with our prior circuit authority," the Ninth Circuit has held that "district courts should consider themselves bound by the intervening higher authority and reject the prior opinion of this court as having been effectively overruled." Miller v. Gammie, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 17) be GRANTED; and
2. The petition for writ of habeas corpus be DISMISSED.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 16, 2023**

UNITED STATES MAGISTRATE JUDGE