**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUKNER BLANC,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>B.M. TRATE,<br><br>　　　　　Respondent. | No. 1:22-cv-01192-JLT-SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Docs. 17, 19) |

Lukner Blanc is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241, asserting he is actually innocent based upon *Ruan v. United States*, 142 S. Ct. 2370 (2022) and *Dubin v. United States*, 599 U.S. 110 (2023). (*See* Docs. 1, 16.) Respondent seeks dismissal of the petition for lack of jurisdiction. (Doc. 17.)

The magistrate judge found Petitioner was unable to bring his claims in a petition filed under 28 U.S.C. § 2241, and the Court lacked jurisdiction. (Doc. 19 at 4-5, citing *Jones v. Hendrix*, 599 U.S. 465 (2023).) Therefore, the magistrate judge recommended Respondent's motion be granted and the petition be dismissed. (*Id.* at 5.) The Court served the Findings and Recommendations on all parties and informed them any objections were due within fourteen days. (*Id.*) No party filed objections, and the time do so expired.

1

According to 28 U.S.C. § 636(b)(1)(C), the Court performed a *de novo* review of the case. Having carefully reviewed the entire matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.

Having found Petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. *See Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008) ("Where a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 motion, the petitioner cannot appeal from the denial of that petition without a [certificate of appealability]."). A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a petitioner "must make a substantial showing of the denial of a constitutional right, . . . includ[ing] showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

In the present case, the Court finds that reasonable jurists would not find the determination that the petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on November 17, 2023 (Doc. 19) are **ADOPTED** in full.
2. Respondent's motion to dismiss (Doc. 17) is **GRANTED**.
3. The petition for writ of habeas corpus is **DISMISSED**.
4. The Clerk of Court is directed to close the case.

///

///

///

5. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **January 23, 2024**

UNITED STATES DISTRICT JUDGE

3